**Decided November 8, 1988**

DISTRICT COURT FOR THE
NORTHERN MARIANA ISLANDS

APPELLATE DIVISION

IN THE MATTER OF            )        DCA 88-9011
                           )
ROBERT G. DUNCAN,          )        (CTC NO. 88-169C)
                           )
   An Alleged Insane Person.  )           OPINION
                           )

Attorney for Amicus Curiae:        Jane Mack
                                   Attorney at Law
                                   Micronesian Legal Services
                                   Saipan, MP  96950
                                   Telephone:  (670) 234 6471

Attorneys for Appellee CNMI:       Office of the Attorney General
                                   Commonwealth of the Northern
                                     Mariana Islands
                                   Civil Division
                                   2nd Floor, Administration Bldg.
                                   Capitol Hill, Saipan, MP  96950
                                   Telephone:  (670) 322-4311

Before:  LAURETA, and KING*, District Judges, and DELA CRUZ**,
         Judge.

---

*  The Honorable Samuel P. King, Senior U.S. District Judge for
   the District of Hawaii, sitting by designation.

** The Honorable Jose S. Dela Cruz, Judge, Commonwealth Trial
   Court, Commonwealth of the Northern Mariana Islands, sitting by
   designation.

PER CURIAM:

Protection and Advocacy for the Mentally Ill (PAMI) brings this motion for reconsideration by the full panel of the decision of a single judge granting appellee Commonwealth of the Northern Mariana Island's motion for dismissal for lack of jurisdiction. For the reasons set forth below, we now affirm.

Robert G. Duncan was brought before the trial court on a petition for involuntary commitment. He was represented by the Public Defender. PAMI moved to intervene as amicus curiae ostensibly to challenge the constitutionality of the civil committment procedure. The court granted PAMI's motion to intervene and PAMI participated in the case and challenged the constitutionality of the law. The court held that the law was not infirm and later ordered that Duncan should be committed. Duncan was treated in accordance with the law and has been released. PAMI appealed the trial court's decision. The CNMI moved to dismiss the appeal on the grounds that PAMI was an amicus and, therefore, did not have standing to appeal. The District Court Appellate Division, Judge Laureta sitting as a single judge, agreed with the CNMI and dismissed the appeal. PAMI now asks this panel to reconsider that decision

The Court concurs in the decision previously rendered and finds that PAMI entered the case as an amicus not as a party and does not have standing to appeal. The Court is persuaded by the fact that PAMI did not in the trial court nor does it on appeal represent Duncan; the Public Defender represents Duncan. Duncan

chose not to appeal and it is not for PAMI to decide that Duncan's decision was an improvident one. PAMI makes much of the fact that under Public Law 99-319 it has the power to move for declaratory relief even without a client. The Court does not disagree with this position. However, this is not a declaratory judgment action, this is an appeal from an involuntary committment proceeding in which the "aggrieved" party chose not to appeal. PAMI as amicus curiae cannot force Duncan to be carried through the appellate process while it attempts to vindicate its position regarding the constitutionality of the law.

For these reasons, the appeal is DISMISSED.

_____
Judge Alfred Laureta

_____
Judge Samuel P. King

_____
Judge Jose S. Dela Cruz